IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2192-D

KEITH CURETON, JR.,                    )
                                       )
            Petitioner,                )
                                       )
      v.                               )          **ORDER**
                                       )
LESLIE COOLEY DISMUKES,                )
                                       )
            Respondent.                )

On August 12, 2025, Keith Cureton, Jr. ("Cureton" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On November 5, 2025, the court reviewed the petition and allowed the action to proceed [D.E. 7]. On January 23, 2026, respondent answered the petition [D.E. 16], moved for summary judgment [D.E. 17], and filed a memorandum in support [D.E. 18], a statement of material facts [D.E. 19], and an appendix of exhibits [D.E. 20]. On the same date, the court notified Cureton about respondent's motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Cureton moves for leave to conduct discovery and appointment of counsel to assist him with conducting discovery [D.E. 27] and an extension of time to file a response in opposition to respondent's motion for summary judgment [D.E. 28].

As for Cureton's motion for leave to conduct discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, the court may permit discovery "for good cause." Rule 6(a) of the Rules Governing Section 2254 Cases; see Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998); McCain v. Garrity, No. 3:02-CV-435, 2002 WL 32362032, at *1

(E.D. Va. July 16, 2002) (unpublished) (applying section 2254 rules to section 2241 petition), aff'd, 53 F. App'x 275 (4th Cir. 2002) (per curiam) (unpublished). Cureton fails to establish good cause for discovery. See, e.g., Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009). Thus, the court denies his motion.

As for Cureton's motion for appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Mackall v. Angelone, 131 F.3d 442, 446–47 (4th Cir. 1997) (en banc). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024). This action does not present legally complex issues. Cureton has adequately set forth his claims and has the capacity to present those claims. Thus, the interests of justice do not require the appointment of counsel.

In sum, the court DENIES petitioner's motion for leave to conduct discovery and appointment of counsel to assist him with conducting discovery [D.E. 27] and GRANTS petitioner's motion for an extension of time [D.E. 28]. Petitioner shall have until April 3, 2026, to respond to respondent's motion for summary judgment.

SO ORDERED. This 12 day of March, 2026.

JAMES C. DEVER III
United States District Judge