IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2192-D

KEITH CURETON, JR., )
)
Petitioner, )
)
v. )            **ORDER**
)
LESLIE COOLEY-DISMUKES, )
)
Respondent. )

On August 12, 2025, Keith Cureton, Jr. ("Cureton" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On November 5, 2025, the court reviewed the petition and allowed the action to proceed [D.E. 7]. On January 23, 2026, respondent answered the petition [D.E. 16], moved for summary judgment [D.E. 17], and filed a memorandum in support [D.E. 18], a statement of material facts [D.E. 19], and an appendix of exhibits [D.E. 20]. On the same date, the court notified Cureton about respondent's motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On March 13, 2026, the court granted Cureton's motion for extension of time to respond to respondent's motion for summary judgment and denied Cureton's motion for leave to conduct discovery and appointment of counsel to assist him with conducting discovery [D.E. 29]. On March 30, 2026, Cureton filed a "motion for clarification; motion for R&R; motion for relief from March 13, 2026, order; motion for extension of time; and objection to March 13, 2026, order" [D.E. 30]. Id. at 1.

As for Cureton's request for clarification, Cureton asks the court to address his objection to respondent's motion for summary judgment. See id. at 1–4. Cureton alleges that respondent

filed her motion for summary judgment prematurely because the parties did not conduct discovery. See id. Cureton's objection is improper because "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus, the court overrules Cureton's objection.

As for Cureton's request for relief and objections to the court's March 13, 2026 order, Cureton asks the court to reconsider the denial of his request for leave to conduct discovery. See [D.E. 30] 4–10. Cureton seeks the complete disciplinary packet for his A-10 and B-25 convictions, including missing photos and video footage. See id. The court has considered Cureton's requests for reconsideration under the governing standard and denies the requests. See Fed. R. Civ. P. 54(b); Am. Canoe Ass' n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). The court, however, directs respondent to send Cureton the complete disciplinary packet for his A-10 and B-25 convictions and to make arrangements with prison officials for Cureton to view the video footage. Respondent shall file a certificate of service with the court on or before April 17, 2026, that demonstrates that Cureton was sent the complete disciplinary packet for his A-10 and B-25 convictions and viewed the video footage.

In sum, the court GRANTS petitioner's motion for extension of time [D.E. 30], DENIES petitioner's remaining motions [D.E. 30], and OVERRULES petitioner's objections [D.E. 30]. The court DIRECTS respondent to send petitioner the complete disciplinary packet for his A-10 and B-25 convictions and to make arrangements with prison officials for petitioner to view the video footage. Respondent shall file a certificate of service with the court on or before April 17, 2026, that demonstrates that petitioner was sent the complete disciplinary packet for his A-10 and B-25 convictions and viewed the video footage. Petitioner shall have until May 15, 2026, to respond to respondent's motion for summary judgment.

2

SO ORDERED. This 31 day of March, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge

3

Case 5:25-hc-02192-D     Document 31     Filed 03/31/26     Page 3 of 3