IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2192-D

KEITH CURETON, JR.,               )
                                  )
        Petitioner,               )
                                  )
        v.                        )          **ORDER**
                                  )
LESLIE COOLEY-DISMUKES,           )
                                  )
        Respondent.               )

On August 12, 2025, Keith Cureton, Jr. ("Cureton" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On November 5, 2025, the court reviewed the petition and allowed the action to proceed [D.E. 7]. On January 23, 2026, respondent answered the petition [D.E. 16], moved for summary judgment [D.E. 17], and filed a memorandum in support [D.E. 18], a statement of material facts [D.E. 19], and an appendix of exhibits [D.E. 20]. On the same date, the court notified Cureton about respondent's motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On February 11, 2026, the court granted Cureton's motion for extension of time to respond to respondent's motion for summary judgment, directed the clerk to send Cureton a one-time courtesy copy of the petition, and directed respondent to resend Cureton a copy of the motion for summary judgment [D.E. 24]. On March 13, 2026, the court granted Cureton's second motion for extension of time to respond to respondent's motion for summary judgment and denied Cureton's motion for leave to conduct discovery and appointment of counsel to assist him with conducting discovery [D.E. 29]. On March 31, 2026, the court granted Cureton's third motion for extension of time to respond

to respondent's motion for summary judgment, denied Cureton's remaining motions, overruled Cureton's objections, and directed respondent to send Cureton the complete disciplinary packet for his A-10 and B-25 convictions, including missing photos and video footage, and to make arrangements with prison officials for Cureton to view the video footage [D.E. 31]. On April 16, 2026, respondent filed a notice of compliance with the court's March 31, 2026 order [D.E. 34]. Cureton moves to alter or amend the court's March 31, 2026 order and for clarification [D.E. 33], for respondent to be held in contempt of court [D.E. 36], for sanctions [D.E. 37], for entry of default [D.E. 38], for default judgment [D.E. 39], and for a fourth extension of time to respond to respondent's motion for summary judgment [D.E. 40].

Cureton's repetitive motions allege that respondent failed to comply with the court's March 31, 2026 order by failing to show him the video footage he requested and removing documents from his disciplinary packet. See [D.E. 33] 1–5; [D.E. 36] 1–9; [D.E. 37] 1–8; [D.E. 38] 1; [D.E. 38-1] 1; [D.E. 39] 2. As for the video footage, Cureton states that respondent made arrangements for him to "view video footage related to the use of force incident that occurred on May 19, 2025 at Maury C.I. that's the incident that gave [rise] to [Cureton's] A-10 & B-25 offense charges &/or disciplinary proceeding." [D.E. 33] 2; see also [D.E. 36] 1, 4–5; [D.E. 37] 1, 4–5; [D.E. 38-1] 1; [D.E. 39] 2. Cureton alleges that respondent "did not let [Cureton] view video footage requested for a litigation hold on them in his disciplinary appeal." [D.E. 33] 2; see also [D.E. 20-2] 11 ("[T]he DHO put in the record of hearing that my hearing was at 12:10 p.m. this is false & in support of this, I request you get, preserve as evidence, & put a litigation hold on the video footage of lower red units' main hallway & gray units' main hallway at the conference room at approx. between 9:23 a.m.–9:35 a.m. then at 12:10 p.m. to see who's telling the truth & who's lying cause the unbiased[ed] eye &/or witness that's a camera will & should surely convince you of the truth

2

& not just the word of me or the DHO."). Respondent made arrangements for Cureton to view video footage about his disciplinary convictions. See [D.E. 34-2] 2. To the extent Cureton seeks additional video footage concerning when the disciplinary hearing was held, the request is meritless. Thus, the court denies the motions [D.E. 33, 36, 37, 38, 39].

As for the disciplinary packet, Cureton alleges respondent's updated appendix does not contain the complete disciplinary packet for his A-10 and B-25 convictions because his "disciplinary appeal isn't a part of it, but is, when respondent first sent [Cureton] the other incomplete[] packet of his." [D.E. 36] 2; see also [D.E. 37] 2; [D.E. 38] 1; [D.E. 38-1] 1; [D.E. 39] 2. Cureton's allegation that respondent did not provide the complete disciplinary packet because the updated appendix did not contain documents that were in the original appendix is meritless. Cf. [D.E. 20-1]; [D.E. 20-2] 1–18; [D.E. 34-1] 1; [D.E. 34-3] 1–19. Thus, the court denies the motions [D.E. 36, 37, 38, 39].

In sum, the court DENIES petitioner's motion to alter or amend the court's March 31, 2026 order and for clarification [D.E. 33], DENIES petitioner's motion for respondent to be held in contempt of court [D.E. 36], DENIES petitioner's motion for sanctions [D.E. 37], DENIES petitioner's motion for entry of default [D.E. 38], and DENIES petitioner's motion for default judgment [D.E. 39]. The court GRANTS petitioner's fourth motion for extension of time [D.E. 40]. Petitioner shall have until June 17, 2026, to respond to respondent's motion for summary judgment. There will be no further extensions of this deadline. This case must move forward to resolution.

SO ORDERED. This 28 day of May, 2026.

JAMES C. DEVER III
United States District Judge

3