IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2192-D

| | | |
|---|---|---|
| KEITH CURETON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LESLIE COOLEY-DISMUKES, | ) | |
| | ) | |
| Respondent. | ) | |

On August 12, 2025, Keith Cureton, Jr. ("Cureton" or "petitioner"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On November 5, 2025, the court reviewed the petition and allowed the action to proceed [D.E. 7]. On January 23, 2026, respondent answered the petition [D.E. 16] and moved for summary judgment [D.E. 17–20]. That same day, the court notified Cureton about respondent's motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 21]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 16, 2026, Cureton responded in opposition to respondent's motion for summary judgment [D.E. 43] and filed a cross motion for summary judgment [D.E. 44–46]. On June 24, 2026, Cureton amended Exhibit 2 of his appendix to the statement of material facts [D.E. 48]. On July 7, 2026, Cureton resubmitted Exhibits 1 and 2 of his appendix to the statement of material facts and moved to deem his exhibits timely filed [D.E. 49]. As explained below, the court grants in part and denies in part Cureton's motion to deem exhibits timely filed, grants respondent's motion for summary judgment, and denies Cureton's motion for summary judgment.

I.

Cureton challenges a disciplinary proceeding which resulted in the loss of 30 days of good-time credit. See [D.E. 1] 1–15. On May 19, 2025, Correctional Officer S. Roberson ("Roberson") observed Cureton and another inmate in an altercation and reported the incident. See [D.E. 19] ¶ 4; [D.E. 45] ¶ 4. Lieutenant T. Millard ("Millard") investigated the incident, verified Roberson's statement, and wrote an offense and disciplinary report. See [D.E. 19] ¶ 5; [D.E. 45] ¶ 5. The report stated that Sergeant C. Ham ("Ham") reviewed video footage showing Cureton using a homemade weapon during the altercation. See [D.E. 19] ¶ 6; [D.E. 45] ¶ 6. Ham described the weapon as a 7.5-inch knife. See [D.E. 19] ¶ 6; [D.E. 45] ¶ 6. Authorities confiscated and logged the weapon as contraband. See [D.E. 19] ¶ 6; [D.E. 45] ¶ 6. The report also stated that Millard read Roberson's statement to Cureton. See [D.E. 19] ¶ 7; [D.E. 45] ¶ 7. Millard attempted to read Cureton his rights, but Cureton refused to cooperate or provide a written statement. See [D.E. 19] ¶¶ 7–8; [D.E. 45] ¶¶ 7–8. Lieutenant T. Oliver ("Oliver") witnessed Cureton's disobedience and his refusal to provide a written statement. See [D.E. 19] ¶¶ 7–8; [D.E. 45] ¶¶ 7–8. Authorities sent a copy of the notice to Cureton via in-house mail. See [D.E. 19] ¶ 8; [D.E. 45] ¶ 8. The notice included Cureton's rights. See [D.E. 19] ¶ 8; [D.E. 45] ¶ 8.

On May 21, 2025, Cureton signed an acknowledgment of the report which charged him with an A10 offense for fighting or engaging in a mutual physical confrontation involving weapons and a B25 offense for willfully disobeying or failing to obey any lawful order of a prison official or employee. See [D.E. 19] ¶ 9; [D.E. 45] ¶ 9.

On May 28, 2025, the Discipline Hearing Officer ("DHO") conducted a hearing on the charges. See [D.E. 19] ¶ 10; [D.E. 45] ¶ 10. Cureton refused to enter a plea and requested numerous times that the DHO remove herself due to Cureton's "reasons and habeas corpus."

[D.E. 19] ¶ 10. Cureton disputes whether he refused to enter a plea and alleges the DHO kicked him out of the hearing "when he was trying to justify his request he made to the DHO for her to recuse herself from the hearing due to a conflict of interest between her [and] him." [D.E. 43-1] ¶ 10; see [D.E. 45] ¶ 10.

The DHO reviewed the video footage and noted that Cureton could "definitely be seen with a weapon and appear[ed] to be stabbing the other offender." [D.E. 19] ¶ 11. The DHO also reviewed Roberson's statement and the offense and disciplinary report. See id. After reviewing the evidence, the DHO found Cureton guilty of the charges and sanctioned Cureton by disallowing 30 days of good-time credit. See [D.E. 19] ¶ 11; [D.E. 45] ¶ 11. Cureton appealed to the Deputy Secretary of Institutions. On June 12, 2025, the Deputy Secretary denied the appeal. See [D.E. 19] ¶ 12; [D.E. 45] ¶ 12.

In his section 2254 petition, Cureton contends that the disciplinary proceedings violated his due process rights because (1) the DHO was not impartial and did not give him a fair hearing; (2) the DHO's supervisors failed to correct the due process violations on appeal; (3) the DHO listed a false hearing time which demonstrates that she was not impartial; (4) the DHO refused to remove herself from the hearing despite a conflict of interest concerning multiple federal habeas petitions Cureton filed alleging she violated his due process rights during other disciplinary proceedings; and (5) the DHO kicked him out of the hearing and falsely stated that he refused to enter a plea. See [D.E. 1] 5. Cureton seeks restoration of the loss of 30 days of good-time credit. See id. at 15.

II.

Cureton moves to deem his declaration (Exhibit 1) and a proposed verified amended petition (Exhibit 2) timely filed with his appendix to the statement of material facts. See [D.E. 49]

1–4; [D.E. 49-1] 1–28. The court has considered Cureton's motion to deem exhibits timely filed under the governing standard. See Fed. R. Civ. P. 6(b)(1)(B); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Bredell v. Kempthorne, 290 F. App'x 564, 565 (4th Cir. 2008) (per curiam) (unpublished); Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). The court grants the motion as to Cureton's declaration.

As for Cureton's proposed verified amended petition, "parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013); see Lasway v. Baran, No. 23-1756, 2024 WL 863648, at *1 (4th Cir. Feb. 29, 2024) (per curiam) (unpublished); Murray Energy Corp. v. Adm'r of EPA, 861 F.3d 529, 537 n.5 (4th Cir. 2017); vonRosenberg v. Lawrence, 849 F.3d 163, 167 n.1 (4th Cir. 2017); Optima Tobacco Corp. v. U.S. Flue-Cured Tobacco Growers, Inc., No. 5:16-CV-889, 2019 WL 4858848, at *8 (E.D.N.C. Sept. 30, 2019) (unpublished); United States for Graybar Elec. Co., Inc. v. TEAM Constr., LLC, 275 F. Supp. 3d 737, 748 n.3 (E.D.N.C. 2017). Cureton did not properly move to amend his petition under the Federal Rules of Civil Procedure and cannot do so through summary-judgment briefing. See, e.g., McDole v. Thompson, No. 5:17-HC-2120, 2018 WL 1545583, at *5 (E.D.N.C. Mar. 29, 2018) (unpublished) ("[N]ew claims for relief presented for the first time in response to a motion for summary judgment are not properly before the court."). Moreover, Cureton's declaration identifies his claims, and his proposed verified amended petition is nearly identical to his original petition. See [D.E. 1] 1–15; [D.E. 49-1] 8–10; cf. [D.E. 49-1] 13–27; Egahi v. Blanche, No. 23-1974, 2026 WL 983118, at *3 n.2 (4th Cir. Apr. 13, 2026) (unpublished). Thus, the court denies the motion as to Cureton's proposed verified amended petition.

III.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott, 550 U.S. at 378. "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

Certain procedural safeguards apply to the loss of statutory good time credit. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 556–57 (1974). Under Wolff, an inmate is entitled to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement by the fact finder as to the evidence relied on and reasons for disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense when permitting

him to do so will not be unduly hazardous to institutional safety or correctional goals. See id. at 563–66; Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). Additionally, DHO findings revoking a prisoner's good time credit must be supported by "some evidence in the record." Hill, 472 U.S. at 454–56. But federal courts will not review the accuracy of the DHO's fact-finding de novo or for clear error. See, e.g., Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (citation omitted).

Cureton received the procedural protections to which he was entitled, and some evidence in the record supported Cureton's conviction. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932. In opposition to this conclusion, Cureton declares that the DHO was not impartial, that the DHO did not give him a fair hearing, that the DHO should have removed herself from the hearing due to a conflict of interest concerning other federal habeas petitions he filed alleging she violated his due process rights during other disciplinary proceedings, that the DHO listed a false hearing time which demonstrates that she was not impartial, and that the DHO's supervisors failed to correct the due process violations on appeal. See [D.E. 49-1] 8–9.

"An inmate facing disciplinary charges is entitled to an impartial decisionmaker. Prison hearing officers, however, are not held to the same standard of neutrality as judges in criminal proceedings." Chapman v. Young, No. 1:19-306, 2020 WL 13562016, at *4 (S.D. W. Va. Jan. 16, 2020) (unpublished) (citations omitted), report and recommendation adopted, Chapman v. Rich, No. 1:19-306, 2022 WL 4809427 (S.D. W. Va. Sept. 30, 2022) (unpublished), aff'd, 2023 WL 334390 (4th Cir. 2023) (per curiam) (unpublished). "[D]ue process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case." Wolff, 418 U.S.

at 592 (Marshall, J., concurring). Cureton has not demonstrated that the DHO or anyone involved in his appeal was not impartial. See, e.g., Kidd v. Graham, No. 6:25-CV-3979, 2025 WL 3490887, at *9 (D.S.C. Sept. 11, 2025) (unpublished), report and recommendation adopted, 2025 WL 3226995 (D.S.C. Nov. 19, 2025) (unpublished); Nicholson v. Carter, No. DLB-23-380, 2024 WL 895120, at *6–7 (D. Md. Feb. 29, 2024) (unpublished); Lacy v. Young, No.: 5:20-CV-582, 2021 WL 6498833, at *4 (S.D. W. Va. Nov. 16, 2021) (unpublished), report and recommendation adopted, 2022 WL 141675 (S.D. W. Va. Jan. 14, 2022) (unpublished); Hurley v. Streeval, No. 7:20-CV-246, 2021 WL 1170088, at *4 (W.D. Va. Mar. 26, 2021) (unpublished); Chapman, 2020 WL 13562016, at *4 ("[T]here is absolutely no allegation or indication that the DHO was the victim, witness, investigator, or otherwise involved in the incident."). Thus, the court dismisses the claims.

As for Cureton's claims that the DHO kicked him out of the hearing and falsely stated that he refused to enter a plea, the DHO repeatedly asked Cureton how he wanted to plea and Cureton repeatedly responded that he wanted the DHO to remove herself from the hearing. See [D.E. 20-2] 6; [D.E. 49-1] 8–9. When Cureton repeatedly failed to answer how he wanted to plea, the DHO permissibly entered a no plea and the disciplinary hearing proceeded. See [D.E. 20-2] 6; [D.E. 49-1] 9; see also Wright v. Raynor, No. 5:20-CT-3372, 2024 WL 1099936, at *4 (E.D.N.C. Mar. 13, 2024) (unpublished). The DHO reviewed video footage of the incident, the reporting party's statement, and the offense and disciplinary report. See [D.E. 20-2] 6. The DHO noted that the video clearly showed Cureton and another inmate in a physical altercation and clearly showed Cureton stabbing the other inmate with a weapon. See id. Although Cureton disagrees with the DHO's assessment, some evidence showed that Cureton engaged in a physical confrontation involving weapons and disobeyed directives to stop. See, e.g., Serrano v. Warden FCI

Bennettsville, No. 22-7315, 2024 WL 1366552, at *2 (4th Cir. Apr. 1, 2024) (per curiam) (unpublished). Accordingly, the court grants respondent's motion for summary judgment and denies Cureton's motion for summary judgment.

IV.

In sum, the court GRANTS IN PART and DENIES IN PART petitioner's motion to deem exhibits timely filed [D.E. 49], GRANTS respondent's motion for summary judgment [D.E. 17], DENIES petitioner's motion for summary judgment [D.E. 44], DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). The clerk shall close the case.

SO ORDERED. This 26 day of August, 2026.

J Dever

JAMES C. DEVER III
United States District Judge